Dear Mayor Johnston:
This office is in receipt of your request for an opinion of the Attorney General in regard to placing the name of the Chief of Police on police vehicles. You indicate there is a conflict in opinions of the Attorney General wherein Atty. Gen. Op. 81-1058 indicates that sheriffs may use their personal funds to include their name on the vehicle's insignia, but Atty. Gen. Op. 00-03 notes that R.S. 33:31 states that no public official shall affix his or her name or picture on any publicly owned motor vehicle.
You further point out that the City of Harahan has an ordinance up for adoption which would preclude any public official in the City of Harahan from placing his or her name on any city owned motor vehicles.
You ask the following questions:
 1. Can the Chief of Police in the City of Harahan place his name on city owned police vehicles?
 2. If the Chief of Police is able to affix his name on city owned police vehicles, who would be responsible for the cost of placing the name on the vehicle and for removing the name off of the vehicle once he is no longer Chief of Police?
 3. Assuming that the Chief of Police would be allowed to affix his name on the city owned police vehicles, can the city pass an ordinance precluding the Chief of Police from affixing his name on the city owned police vehicles?
 4. Assuming that the city is able to pass an ordinance precluding the Chief of Police from affixing his name on any city owned police vehicles, can the city force the Chief of Police to take the name off of the police vehicles to which his name has already been affixed?
As you point out, in Atty. Gen. Op. 81-1058 in response to the question whether the sheriff could use his personal funds to include his name on door insignias for sheriff's vehicles this office recognized that pursuant to R.S. 49:121 vehicles of the state and any of its political subdivisions shall have thereon the name of the subdivision of the state. It was stated therein, "In conclusion, there are no statutes prohibiting a sheriff from expending his own personal funds to include his name on the door insignias of his vehicles."
Thereafter, as you relate, in Atty. Gen. Op. 00-03 this office quoted R.S. 43:31(E) as providing as follows:
 No public official of any branch, department, agency, or other entity of state and local government shall affix his or her name or picture on drivers' licenses, except their own personal driver's license, issued by the state, or any publicly owned motor vehicle, nor shall any official cause his name or picture to be so affixed.
It was then found that this statute clearly states no public official may place his name on any publicly owned vehicle. In conclusion it was observed, "Therefore, it is the opinion of this office that a police officer, as he is a public official, shall not place his name on his motorcycle patrol unit."
Pursuant to the directive of R.S. 43:31(E), we must conclude in response to your first question as to whether the Chief of Police can place his name on city owned police vehicles, that he cannot.
Accordingly, having reached the conclusion that the Chief of Police cannot place his name on city owned police vehicles, your remaining questions become moot.
We hope this sufficiently answers your inquiries.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr